# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO.  29,185**

**ROBERTO L. RAMIREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Don Maddox, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Templeman & Crutchfield, PA
Barry C. Crutchfield
Lovington, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Roberto Ramirez (Defendant) appeals from a judgment and sentence entered December 17, 2008 following a jury trial where he was convicted of involuntary

manslaughter. [RP 217-18] We issued a proposed notice of summary disposition, proposing to affirm. Defendant filed a memorandum in opposition on April 14, 2009. Having duly considered Defendant's arguments, we affirm.

**DISCUSSION**

Defendant argues on appeal that the facts presented at trial do not support a conviction for involuntary manslaughter. [MIO unnumbered 3] In order for Defendant to be found guilty of manslaughter, the State must present sufficient evidence for a reasonable fact finder to surmise Defendant's acts were, individually or in combination with the acts of others, the but-for cause of death. *See* UJI 14-251 NMRA; *State v. Montoya*, 2003-NMSC-004, ¶ 18, 133 N.M. 84, 61 P.3d 793. Defendant's position is that although he inadvertently shot Victim in the face, Victim's cause of death was medical malpractice and not the wound Defendant inflicted. [MIO unnumbered 3]

The jury instructions in this case required the State to prove beyond a reasonable doubt that Defendant's act, "in a natural and continuous chain of events, uninterrupted by an outside event, resulted in the death," and absent Defendant's act, "the death would not have occurred." UJI 14-251. [RP 129] UJI 14-251 also instructs the jury "there may be more than one significant cause of death. If the acts of two or more persons significantly contribute to the cause of death, each act is a

2

significant cause of death." [RP129] UJI 14-252 NMRA states, "contributing negligence [by another person or persons] does not relieve the defendant of responsibility for an act that significantly contributed to the cause of the death so long as the death was a foreseeable result of the defendant's actions." [RP 130]

Defendant contends that the evidence presented at trial shows medical malpractice was an outside, interrupting event, without which Victim would not have died. [MIO unnumbered 3-4] Defendant argues that due to the evidence of malpractice, there was insufficient evidence to support a finding that he caused Victim's death. [MIO unnumbered 3-4] "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789. A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

The elements of involuntary manslaughter are that Defendant pointed a loaded

firearm at Victim that went off, shooting the Victim. Defendant should have known of the danger involved in his actions; he acted with a willful disregard for the safety of others; his act caused the death of Victim; and that the events occurred in New Mexico on or about July 14, 2007. UJI 14-251. [RP 129] On appeal, Defendant argues only that a reasonable jury could not have found that his act caused the death of Victim; and the evidence presented supports a finding that the hospital's failure to administer an anti-coagulant was the but-for cause of death. [MIO unnumbered 3-4] Defendant argues Victim was recovering and would not have died of his gunshot wound absent medical malpractice. [MIO 2-4]

The jury instructions provided clear direction that there may have been more than one significant cause of death and the negligence of another party does not relieve Defendant of responsibility for his own negligence. [RP 129-30] This principle is also supported by New Mexico case law. *See State v. Simpson*, 116 N.M. 768, 772, 867 P.2d 1150, 1154 (1993) (holding a defendant's conduct need not be the sole cause of the crime. It is only required that the result be proximately caused by, or the natural and probable consequence of the accused's conduct. The conduct of other parties is relevant only if it is a superseding cause that negates the defendant's conduct).

We can only overturn Defendant's conviction on appeal if we find clear

4

evidence in the record that he played too minor a causal role in Victim's death to justify criminal punishment. *See Montoya*, 2003-NMSC-004, ¶ 19. However, viewing the evidence in the light most favorable to the verdict, we cannot say the evidence supports such a finding. We hold sufficient evidence was presented at trial to support a finding that Defendant's act was a significant cause of death, and but for Defendant's actions, Victim's death would not have occurred. We affirm.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**CELIA FOY CASTILLO, Judge**